

U.S. Department of Justice

Michael R. Sherwin
Acting United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 12, 2020

VIA ELECTRONIC MAIL

George Vomvolakis, Esq.
Law Offices of George Vomvolakis
275 Madison Ave, 35th Floor
New York City, NY 10016

           Re:    <u>United States v. Candy Evans</u>
                    Criminal Case No. 18-cr-103-06 (EGS)

Dear Mr. Vomvolakis:

      This letter sets forth the full and complete plea offer to your client, Candy Evans, (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement (hereinafter referred to as "this Agreement"). The terms of the offer are as follows:

      **1.**      <u>**Charges and Statutory Penalties**</u>

      Your client agrees to plead guilty to Count Thirteen in the Indictment, charging your client with Tampering with a Witness by Corrupt Persuasion or Misleading Conduct, in violation of 18 U.S.C. § 1512(b)(3).

      Your client understands that a violation of 18 U.S.C. § 1512(b)(3) carries a maximum sentence of 20 years of imprisonment; a fine of $250,000, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

      In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing

Commission, *Guidelines Manual* (2018) (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

### 2. Factual Stipulations

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

### 3. Additional Charges

In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. The Government will request that the Court dismiss the remaining counts of the Indictment in this case at the time of sentencing. Your client agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

After the entry of your client's plea of guilty to the offense identified in paragraph 1 above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this Agreement and about which this Office was made aware by your client prior to the execution of this Agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement.

### 4. Sentencing Guidelines Analysis

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

#### A. Estimated Offense Level Under the Guidelines

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| U.S.S.G. § 2J1.2 | Base Offense Level | 14 |
| U.S.S.G. § 2B1.1(b)(1)(I) | Specific Offense Characteristic: | |
| | Otherwise extensive in scope, planning, or preparation | 2 |
| | Total | 16 |

**Acceptance of Responsibility**

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence and your client's Adjusted Offense Level is 16 or higher, the Government agrees that an additional 1-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the Estimated Offense Level will be at least 13.

### B.     Estimated Criminal History Category

Based upon the information now available to this Office, your client has no criminal convictions. Accordingly, your client is estimated to have zero criminal history points and your client's Criminal History Category is estimated to be I (the "Estimated Criminal History Category"). Your client acknowledges that after the pre-sentence investigation by the United States Probation Office, a different conclusion regarding your client's criminal convictions and/or criminal history points may be reached and your client's criminal history points may increase or decrease.

### C.     Estimated Guidelines Range

Based upon the Estimated Offense Level and the Estimated Criminal History Category set forth above, your client's estimated Sentencing Guidelines range is 12 months to 18 months. In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 13, the estimated applicable fine range is $5,500 to $55,000. Your client reserves the right to ask the Court not to impose any applicable fine.

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Except as provided for in the "Reservation of Allocution" section below, the parties also agree that neither party will seek any offense-level calculation different from the Estimated Offense Level calculated above in subsection A. However, the parties

are free to argue for a Criminal History Category different from that estimated above in subsection B.

Your client understands and acknowledges that the Estimated Guidelines Range calculated above is not binding on the Probation Office or the Court. Should the Court or Probation Office determine that a guidelines range different from the Estimated Guidelines Range is applicable, that will not be a basis for withdrawal or recission of this Agreement by either party.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

### 5. Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. Nevertheless, your client reserves the right to seek a sentence below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a). The Government reserves the right to seek a sentence above the Estimated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

### 6. Reservation of Allocution

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the court, even if those calculations differ from the Estimated Guidelines Range calculated herein. In the event that the Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court or the presentence report writer and to allocute for a sentence within the Guidelines range, as ultimately determined by the Court, even if the Guidelines range ultimately determined by the Court is different from the Estimated Guidelines Range calculated herein. As noted above, both the Government and your client may allocute for sentences outside the Guidelines range.

In addition, if in this Agreement the parties have agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the parties reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

Contingent upon the entry of a guilty plea by co-defendant Archie Kaslov and his subsequent sentencing, and to the extent that your client and co-defendant, Archie Kaslov, request the Court to allow them to serve any prison sentences in a staggered manner, the Government will take no position on such a request if your client and Archie Kaslov are both in full compliance with the conditions of their release pending sentencing. If the Court grants a request that your client and Archie Kaslov serve staggered sentences, the Government reserves its right to recommend which Defendant should serve a prison sentence first.

### 7.  **Court Not Bound by this Agreement or the Sentencing Guidelines**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

### 8.  **Conditions of Release**

Your client agrees that at the time of the plea of guilty in this case your client will be placed on GPS monitoring pending your client's sentencing in this case and will not seek a change in your client's release conditions pending sentencing. Your client understands that imposition of a curfew, if any, will be determined by the Court at the time of the plea of guilty in this case. The government agrees to withdraw its Motion for an Order to Show Cause as to Why the Defendants' Release Conditions Should Not Be Revoked (ECF No. 227) at the time of the plea of guilty in this case.

Your client acknowledges that the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client engages in further criminal conduct prior to sentencing or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community. Your client also agrees that any violation of your client's release conditions or any misconduct by your client may result in the Government filing an ex parte motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentencing in your client's case.

**9.     Waivers**

   **A.     Venue**

Your client waives any challenge to venue in the District of Columbia.

   **B.     Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement)may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

   **C.     Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to plead not guilty, and the right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's

conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the parties with the concurrence of the Court. Your client understands that the date for sentencing will be set by the Court.

### D.     Appeal Rights

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute to which your client is pleading guilty is unconstitutional, and (2) the admitted conduct does not fall within the scope of the statute. Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

### E.     Collateral Attack

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c)(2), but agrees to waive the right to appeal the denial of such a motion.

### F.     Hearings by Video Teleconference and/or Teleconference

Your client agrees to consent, under the CARES Act, Section 15002(b)(4) and otherwise, to hold any proceedings in this matter – specifically including but not limited to presentment, initial appearance, plea hearing, and sentencing – by video teleconference and/or by teleconference and to waive any rights to demand an in-person/in-Court hearing.  Your client further agrees to not challenge or contest any findings by the Court that it may properly proceed by video teleconferencing and/or telephone conferencing in this case because, due to the COVID-19 pandemic, an in-person/in-Court hearing cannot be conducted in person without seriously jeopardizing public health and safety and that further there are specific reasons in this case that any such hearing, including a plea or sentencing hearing, cannot be further delayed without serious harm to the interests of justice.

### 10.     Use of Self-Incriminating Information

The Government and your client agree, in accordance with U.S.S.G. § 1B1.8, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this Agreement.

### 11.     Restitution

Your client agrees to pay restitution in the amount of $4,217,542.86 as follows: $3,793,512.86 to R&R Mechanical Contractors, Inc., $399,030.00 to 2902 Bladensburg Road LLC, and $25,000 to Selective Insurance Company of America.

Payments of restitution shall be made to the Clerk of the Court.  In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.  Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs.  If you do not receive the disclosure form, your client agrees to request one from usadc.ecfflu@usa.doj.gov.  Your client will complete and electronically provide the standard financial disclosure form to usadc.ecfflu@usa.doj.gov 30 days prior to your client's sentencing.  Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit.  Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment, including without limitation by administrative offset. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfers of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement. Notwithstanding this certification, your client acknowledges the sale, on or about January 11, 2020, of a 2015 Rolls Royce Phantom Drophead, vehicle identification number ("VIN") SCA682D51FUX75338.

## 12. **Forfeiture**

(a) The government will not seek a forfeiture order against your client for her conduct relating to Count Thirteen in the Indictment, charging your client with Tampering with a Witness by Corrupt Persuasion or Misleading Conduct, in violation of 18 U.S.C. § 1512(b)(3), to which she has agreed to plead guilty.

(b) Except as specifically provided in paragraph 12(d) below, your client agrees not to contest the forfeiture either directly or through a third party, of the specific property subject to forfeiture in the case of any defendant in *United States v. Gina Russell, et al.,* Case No. 18-cr-103, including the specific property:

(i) items seized on or about October 25, 2017 from the residence of Gina Rita Russell and Robert Evans, located at 141 West 41st Street, New York, New York, including: (1) eleven pairs of designer shoes; (2) two Louis Vuitton bags and one belt; (3) one Chanel bag, black in color with a gold strap; (4) two Louis Vuitton makeup kits; (5) two Louis Vuitton luggage roller bags; (6) seven Louis Vuitton luggage bags and handbags; (7) five Visa gift cards; (8) one AT&T SIM Card, S/N #89014103270157875022; (9) one Apple iPad, Model A1489, FCC ID BCGA1489; (10) one LG Model LS755 cellular phone, MEID: 089806183103232357; (11) one LG Verizon cell phone, Model VS4ZSLPP; (12) one LG Verizon flip cellular phone; (13) one Apple iPhone, Model A1549, IMEI: 355790071860685; (14) one Hik Vision Video Recorder, S/N #594391710; (15) one Samsung Galaxy J1 Verizon 4G cellular phone; (16) one Apple iPhone S Model A1687, BCGE2944AIC579CE2944A;

(ii) items seized on or about October 25, 2017 from the residence of Gina Rita Russell and Robert Evans, located at 141 West 41st Street, New York, New York, including:

| Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|
| Black Stone in manila envelope | 1B29 | |
| Gold colored heart shaped Tiffany pair of earrings | 1B30 | 1 |
| Gold colored chain necklace with gold colored Tiffany heart pendant | 1B30 | 2 |

(iii)   $20,000 in cash seized on or about October 25, 2017 from the residence of Tony John Evans, located at 517 Third Avenue, New York, New York;

(iv)   items seized on or about October 25, 2017 from the residence of Tony John Evans, located at 517 Third Avenue, New York, New York, including:

| Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|
| One (1) ring with clear stone and box | 1B50 | |

(v)   items seized from Tony John Evans, including:

| Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|
| Two (2) gold bars. -Royal Canadian Mint 1 kilo bar: N247111, Republic Metals Corporation 1 kilo bar: A0032198 | 1B110 | |
| Rose gold Rolex Perpetual Day-Date wristwatch | 1B128 | |

(vi)   the contents of a safe deposit box seized on or about October 25, 2017 from Santander Bank in New York, including:

| Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|
| Royal Oak Offshore AP watch, F09905, N4234, silver, with clear stones band and face | 1B46 | 1 |
| Rolex watch, gold color multicolor stones around face, band stamped with 78498 | 1B46 | 2 |
| Rolex watch, gold color, Yacht-Master II stamped around face in gold and blue colors | 1B46 | 3 |
| Royal Oak Offshore AP watch, N4415, rose gold color with see through backing | 1B46 | 4 |
| Rolex Sky-dweller watch, rose gold color band with brown face | 1B46 | 5 |
| Rolex watch, rose gold color band with brown face | 1B46 | 7 |

| Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|
| Rolex watch, silver band detached from top of face, silver color face with clear stones, clear stones surrounding face | 1B46 | 8 |
| Cartier watch, with brown leather like band, white color face with square pattern over the face, 65243CD | 1B46 | 9 |
| Cartier watch, with dark brown leather like band, white color face, 204988CD | 1B46 | 10 |
| Rolex watch, with gold and silver color band, black color face, 78393 stamped on band | 1B46 | 11 |
| Patek Philippe watch, with dark brown leather like band, gold color face, 5630867240 stamped on back of face | 1B46 | 12 |
| Cartier watch, with black color band, gold color face, 90128 and 388001 stamped on back of face | 1B46 | 13 |
| United States of America Ten D stamped on face of watch with eagle, Corum, gold color face, black leather like band, 1879 stamped on back of face | 1B46 | 14 |
| United States of America Five D stamped on face of watch with eagle, Corum, 1898 stamped on back of face, dark brown band | 1B46 | 15 |
| Corum SUBSG watch, brown band, 9999 stamped on gold color face, 14400328599 stamped on back of face | 1B46 | 16 |
| Corum, black leather like band, gold face with clear stones surrounding face, partial number visible 47595 on back of face | 1B46 | 17 |
| Patek Philippe watch, with black band, white color face with gold color face frame | 1B46 | 18 |
| Rolex watch, gold color band, blue face with clear stones surrounding face | 1B46 | 19 |
| Patek Philippe watch, gold color band, white face with black roman numerals, Geneve 750 stamped on clasp | 1B46 | 21 |
| Patek Philippe watch, gold color band and face, Geneve 750 stamped on clasp | 1B46 | 22 |
| Diamond like clear stone long necklace | 1B46 | 25 |
| Gold color long chain necklace, JT stamped on clasp | 1B46 | 26 |
| Gold color coin necklace with South Africa stamped on coin, RR 14k stamped on clasp | 1B46 | 27 |
| Diamond like clear stone ring with silver color band in red Cartier box | 1B46 | 28 |
| Gold color ring with clear stones, 4k stamped on inside of band | 1B46 | 31 |
| Gold color ring with clear stones, 14kt stamped on inside of band | 1B46 | 32 |

| Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|
| Gold color ring with three (3) columns of clear stones, 14k stamped on inside of band | 1B46 | 33 |
| Diamond like clear stone bracelet in blue Tiffany box | 1B46 | 38 |
| Diamond like clear stone bracelet, silver color with four (4) blue color stones, blue Tiffany box | 1B46 | 39 |
| Two (2) long diamond like clear stone and silver earrings | 1B46 | 40 |
| One (1) yellow colored gold bar (1 kilo) | 1B47 | |
| Twenty-Five (25) yellow colored gold coins | 1B49 | |
| Rolex Watch - metal colored | 1B118 | |

(vii)   items seized on or about October 25, 2017 from the residence of your client and Candy Evans, located at 161 East 33rd Street, New York, New York, including: (1) cellphones, a memory card, and an iPad; (2) purses, belts, duffel bags, wallets, ties, and assorted designer clothing (3) Louis Vuitton suitcases, bags, and shoes; 4) 35 rounds of .357 ammunition; and (5) one Smith & Wesson .357-caliber 686 Combat Magnum revolver, serial no. CAL8915;

(viii)   items seized on or about October 25, 2017 from the residence of your client and Candy Evans, located at 161 East 33rd Street, New York, New York, including:

| Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|
| Gold colored chain | 1B56 | 1 |
| One pair gold colored chain earrings | 1B56 | 2 |
| One pair silver colored hoop earrings with round clear stones | 1B56 | 3 |
| One silver colored ring with clear stones | 1B56 | 4 |
| One silver and gold colored ring with two clear stones and one red stone | 1B56 | 5 |
| Silver colored ring with clear stones | 1B56 | 6 |
| Rolex Oyster Perpetual Datejust with black colored face, gold colored bezel and silver and gold colored band | 1B56 | 7 |
| Rolex Oyster Perpetual Daydate with silver colored face and gold colored bezel.  Bezel is lined with clear stones and band is gold and silver colored | 1B56 | 8 |
| Rolex Oyster Perpetual Day-Date with silver colored face and band and silver colored bezel with round clear stones | 1B56 | 9 |
| Piaget watch with silver colored face and clear stones and black leather band | 1B57 | 1 |
| Silver colored ring with three clear, circular stones embedded in ring | 1B57 | 2 |
| Silver colored bracelet with clear square stones | 1B57 | 3 |

| Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|
| Silver colored necklace with round clear stones | 1B57 | 4 |
| Patek Philippe watch with white face and gold bezel with black leather band | 1B57 | 5 |
| Silver colored ring with three clear stones embedded in ring and additional clear stones lining outside of ring | 1B57 | 6 |
| Gold colored ring with small clear stones | 1B57 | 7 |
| Audemars Piquet Royal Oak Offshore watch silver in color with small clear stones embedded in face, bezel, and band | 1B57 | 9 |
| Rolex Oyster Perpetual Date Submariner with black face and bezel with gold trim around bezel and silver and gold colored band | 1B57 | 10 |
| Silver colored Tiffany heart charm bracelet | 1B61 | 1 |
| Silver colored ring with one large round clear stone and two smaller rectangular clear stones | 1B61 | 2 |
| One silver colored hoop earring | 1B61 | 3 |
| Silver colored mitten charm with clear stones | 1B61 | 4 |
| Silver colored star charm with clear stones | 1B61 | 5 |
| One pair of gold colored hoop earrings | 1B61 | 6 |
| Gold colored chain bracelet | 1B61 | 7 |
| Silver colored Tiffany heart charm necklace | 1B61 | 8 |
| Gold and silver colored cufflink | 1B61 | 9 |
| One gold colored hoop earring with small silver colored circles | 1B61 | 10 |
| One broken green colored stone charm | 1B61 | 11 |
| One broken purple colored stone charm | 1B61 | 12 |
| Silver necklace with clear round stones | 1B72 | 2 |
| Silver bracelet with clear round stones | 1B72 | 3 |
| Rolls Royce grille pendant | 1B72 | 4 |
| Silver colored ring with clear stones in almond shape | 1B72 | 5 |
| Silver colored ring with clear stones surrounding one large clear stone | 1B72 | 6 |
| Cartier watch with gold colored bezel, white face with three circular gold colored dials, silver and gold colored band in red colored box | 1B75 | 1 |
| Black box containing gold colored Cartier bracelet with small clear stones and gold colored pendant | 1B75 | 2 |
| Gold colored pendant bracelet | 1B75 | 4 |
| Gold colored chain with key pendant | 1B75 | 5 |

| Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|
| Silver colored Tiffany charm bracelet | 1B75 | 7 |
| Silver colored chain | 1B75 | 8 |
| Silver colored Tiffany charm bracelet | 1B75 | 9 |
| Silver colored bracelet with multiple charms | 1B75 | 10 |
| Gold colored Rolex Yachtmaster with blue face and gold bezel and band | 1B75 | 11 |
| White Tiffany watch with red leather band | 1B75 | 12 |
| Bracelet with white watch style band and gold Liberty charm | 1B75 | 13 |
| Silver colored chain | 1B75 | 14 |
| Red bracelet with two rose gold colored skull charms | 1B75 | 15 |
| Black and silver Louis Vuitton bracelet | 1B75 | 17 |
| Baume and Mercier Riviera watch with white face and gold colored bezel, gold colored roman numerals and silver and gold colored band | 1B75 | 18 |
| Eye charm with multi-colored stones | 1B75 | 19 |
| Gold colored hoop earrings | 1B75 | 20 |
| Silver and blue colored cuff link | 1B75 | 21 |
| Gold colored chain | 1B75 | 22 |
| Silver colored bracelet with heart pendant | 1B75 | 23 |
| Silver colored bracelet with Tiffany heart pendant | 1B75 | 24 |
| Silver colored chain with pendant with four clear stones | 1B75 | 25 |
| Gold colored chain | 1B75 | 26 |
| Silver colored Italian horn pendant | 1B75 | 27 |
| Silver colored chain with silver colored Tiffany heart pendant | 1B75 | 28 |
| Red box containing necklace, bracelet, and two earrings - all silver with large blue stones and small clear stones | 1B76 | 1 |
| Pair of gold colored jewelry with clear stones around a green colored stone | 1B76 | 3 |
| Two gold colored racehorse cuff links | 1B76 | 4 |
| Pair of silver colored earrings with three links | 1B76 | 6 |
| Pair of gold colored earrings each with one clear stone | 1B76 | 7 |
| Pair of gold and silver colored earrings | 1B76 | 8 |
| Pair of gold and green colored hoop earrings | 1B76 | 9 |
| Pair of gold colored hoop earrings | 1B76 | 10 |
| Silver colored chain style necklace | 1B76 | 11 |
| Gold colored chain with gold and silver colored heart shaped pendant | 1B76 | 13 |
| Gold colored necklace with pendant with clear stones and green colored rectangular stone | 1B76 | 14 |
| Gold colored chain | 1B76 | 15 |

| Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|
| Dark colored stone | 1B76 | 16 |
| Gold colored heart shaped pendant | 1B76 | 17 |
| Gold colored ring with clear stones around a green colored stone | 1B76 | 18 |
| Gold colored pendant with symbols | 1B76 | 19 |
| Gold colored bracelet with pendants | 1B76 | 20 |
| Red cord attached to two gold colored and one silver colored hoops | 1B76 | 22 |
| One silver colored square earring with small clear stones | 1B76 | 23 |
| Four gold colored hoop earrings and one gold colored watch chain link | 1B76 | 24 |
| One small screw driver, one gold colored key, one gold colored watch link, one gold and colored watch link, one gold colored stud earring with three clear stones, one gold colored hoop earring with clear stones | 1B76 | 25 |

(c)  Your client agrees to withdraw any filed petition or claim seeking the return of any specific property that is subject to forfeiture in the case of any defendant in *United States v. Gina Russell, et al.,* Case No. 18-cr-103, including the specific property identified in paragraph 12(b) above.  Your client agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal.  Your client also agrees that she will not file a claim to any of these assets or property in any future forfeiture proceeding of whatever type.  In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, your client hereby abandons any interest in such property and consents to its destruction by the law enforcement agency.

(d)  Notwithstanding your client's agreement not to contest the forfeiture of the specific property described in paragraph 12(b) above, your client reserves the right to assert a claim or petition of interest in the following property:

| Location Seized | Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|---|
| Search Warrant Executed for Safe Deposit Box 3180 at Santander Bank | Rolex Yacht-Master, gold color with white face | 1B46 | 6 |
| Search Warrant Executed for Safe Deposit Box 3180 at Santander Bank | Movado watch, gold color band, 2728766 stamped on back of face, white color face | 1B46 | 20 |
| Search Warrant Executed for Safe Deposit Box 3180 at Santander Bank | Diamond like clear stone necklace, 29950 stamped on clasp | 1B46 | 23 |

| Location Seized | Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|---|
| Search Warrant Executed for Safe Deposit Box 3180 at Santander Bank | Diamond like clear stone necklace, 18k stamped on clasp | 1B46 | 24 |
| Search Warrant Executed for Safe Deposit Box 3180 at Santander Bank | Gold color ring with diamond like clear stone | 1B46 | 29A |
| Search Warrant Executed for Safe Deposit Box 3180 at Santander Bank | Gold color earring with diamond like clear stone in brown box | 1B46 | 29B |
| Search Warrant Executed for Safe Deposit Box 3180 at Santander Bank | Two (2) diamond like clear stone earrings in blue Tiffany bag | 1B46 | 30 |
| Search Warrant Executed for Safe Deposit Box 3180 at Santander Bank | Silver color ring with five (5) rows of clear stones, D368 stamped on inside of band | 1B46 | 34 |
| Search Warrant Executed for Safe Deposit Box 3180 at Santander Bank | Gold color bracelet with seven (7) clear stones, 14k stamped on inside | 1B46 | 35 |
| Search Warrant Executed for Safe Deposit Box 3180 at Santander Bank | Diamond like clear stone bracelet, silver color in blue Tiffany box, 18k stamped on clasp | 1B46 | 36 |
| Search Warrant Executed for Safe Deposit Box 3180 at Santander Bank | Diamond like clear stone bracelet, silver color with two missing stones, blue Tiffany box | 1B46 | 37 |
| Search Warrant Executed at 161 East 33rd Street, New York, NY | Diamond like clear stone pin, silver color | 1B46 | 41 |
| Search Warrant Executed at 161 East 33rd Street, New York, NY | Silver colored ring with rectangular clear stone | 1B57 | 8 |
| Search Warrant Executed at 161 East 33rd Street, New York, NY | Two silver colored hinged hoop earrings with small clear stones | 1B59 | |
| Search Warrant Executed at 161 East 33rd Street, New York, NY | Silver colored ring with five bands in red box | 1B72 | 1 |
| Search Warrant Executed at 161 East 33rd Street, New York, NY | Rolex Yahtmaster watch with white face and gold bezel and gold colored chain | 1B75 | 3 |
| Search Warrant Executed at 161 East 33rd Street, New York, NY | Silver colored Rolex Oyster Perpetual Datejust watch with white face, silver colored band and clear stones in bezel | 1B75 | 6 |
| Search Warrant Executed at 161 East 33rd Street, New York, NY | Gold colored overlapping bracelet with two panther heads containing multiple small stones | 1B75 | 16 |

| Location Seized | Evidence Description | FBI Evidence 1B No. | FBI Evidence Line Item |
|---|---|---|---|
| Search Warrant Executed at 161 East 33rd Street, New York, NY | Pair of gold colored jewelry with blue colored stones | 1B76 | 2 |
| Search Warrant Executed at 161 East 33rd Street, New York, NY | Pair of gold colored jewelry with clear stones surrounding blue stone | 1B76 | 5 |
| Search Warrant Executed at 161 East 33rd Street, New York, NY | Gold colored necklace with heart shaped red and silver pendant | 1B76 | 12 |
| Search Warrant Executed at 161 East 33rd Street, New York, NY | One piece of gold colored jewelry with clear stones around blue colored stone | 1B76 | 21 |

(e)  Your client acknowledges and understands that the government reserves the right to challenge any claim or petition of interest in the specific property listed above in paragraph 12(d). Your client also understands that the government, including the Civil Division of this Office, reserves its right to fully enforce your client's restitution obligation, as set forth in this Agreement, which may include action related to the specific property listed in paragraph 12(d).

(f)  Your client agrees that forfeiture ancillary proceedings will not take place until after all criminal charges in the Indictment in *United States v. Gina Russell, et al.,* Case No. 18-cr-103, ECF No. 1, have been resolved against each named defendant, whether through guilty pleas or verdict at trial.  Your client will not seek the return of any property until that time.

**13.** **Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement.  In the event of such a breach:  (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.
Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution

of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

**14.    Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to us.

Sincerely yours,

_Michael R. Sherwin/MZ_

Michael R. Sherwin
Acting United States Attorney

By:    _Kond. Jo. Kle_

David B. Kent
Kondi J. Kleinman
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have had every page of this Agreement read to me by my attorney, George Vomvolakis, and discussed it with my attorney. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 8-12-20

Candy Evans
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, read every page of the Agreement to my client, Candy Evans, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 8/12/2020

George Vomvolakis
Attorney for Defendant